# United States District Court
# Central District of California

## *** RE-SENTENCING ***

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | Docket No. | ED 12-cr-00065(A) VAP |
| **Defendant** [2] CHRISTOPHER PAUL GEORGE | | Social Security No. 6  5  8  6 | |
| akas: | | | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 06 | 018 |

**COUNSEL**  BENJAMIN COLEMAN, CJA
(Name of Counsel)

**PLEA**  ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE  ☐ NOT GUILTY

**FINDING**  There being a VERDICT of **GUILTY,** defendant has been convicted as charged of the offense(s) of: **Mail Fraud Affecting a Financial Institution, in Violation of Title 18 U.S.C. § 1341, as Charged in Count 6 of the First Superseding Indictment; Wire Fraud, In Violation of Title 18 U.S.C. § 1343, as Charged in Count 7, 8 and 9; Wire Fraud Affecting a Financial Institution, in Violation of Title 18 U.S.C. § 1343, as Charged in Count 10 and 11; and Conspiracy to Commit Mail and Wire Fraud, in Violation of Title 18 U.S.C. § 1349, as Charged in Count 12 of the First Superseding Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**It is ordered** that the defendant shall pay to the United States a special assessment of $700. To the extent that contributions have already been made. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

**It is ordered** that the defendant shall pay restitution pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3663(a)(3), in the final amount of $7,065,117.27. The amount of restitution ordered shall be paid to the victims as set forth to the exhibit on the judgment and commitment order.

Restitution is to be made in the amount of $25 per quarter under the Bureau of Prisons' Inmate Financial Responsibility Program until the defendant is released at which time he shall make restitution in the amount of $50 per month or 10 percent of his income whichever is greater.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay a fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **Two-Hundred Thirty Five (235) months.** This term consists of 235 months on each of Counts 6, 10, and 11, and 235 months on each of Counts 7, 8, 9, and 12 of the First Superseding Indictment, all such terms to run concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **5 years**. This term consists of 5 years on each of Counts 6, 10 and 11, and 3 years on each of Counts 7, 8, 9 and 12 of the First

Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

**1.** The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, with the exception of conditions 5, 6 and 14 of General Order 05-02;

**2.** As directed by the Probation Officer, the defendant shall notify specific persons and organization of the specific risks and shall permit the Probation Officer to confirm the defendant's compliance with such requirements and to make such notifications;

**3.** During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

**4.** The defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

**5.** The defendant shall refrain from the use of alcohol and shall submit to Breathalyzer testing, not to exceed eight (8) tests per month, to determine if the defendant has consumed alcohol;

**6.** The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving mortgage loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engaging in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

**7.** The defendant shall cooperate in the collection of a DNA sample from the defendant.

**IT IS RECOMMENDED** that the defendant be placed in a facility where he will be considered for participation in the RDAP program.

DEFENDANT INFORMED OF HIS RIGHT TO APPEAL.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| August 9, 2018 | |
|---|---|
| Date | **VIRGINIA A. PHILLIPS, CHIEF U.S. DISTRICT JUDGE** |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Kiry Gray, Clerk, U.S. District Court

| August 9, 2018 | By | / S / |
|---|---|---|
| Filed Date | | Beatrice Herrera, Courtroom Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663©; and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with

supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
    at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____    Deputy Marshal
Date

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____    Deputy Clerk
Filed Date

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
    Defendant                            Date

_____    _____
U. S. Probation Officer/Designated Witness    Date

# EXHIBIT "A"

| Defendant | Amount | Applicable Appendices |
|---|---|---|
| Andrea Raquel Ramirez | $6,764,743.85 | A-O |
| Christopher Paul George | $6,656,099.21 | C-O |
| Michael Bruce Bates | $6,223,723.21 | D-O |
| Crystal Taiwana Buck | $6,420,052.29 | D-O |
| Michael Lewis Parker | $6,420,052.29 | D-O |
| Catalina DeLeon | $6,420,052.29 | D-O |
| Hamid Reza Shalviri | $64,869.65 | N/A |
| Yadira Garcia Padilla | $6,764,743.85 | A-O |
| Mindy Sue Holt | $2,094,330.19 | C-G |
| Iris Melissa Pelayo | $1,142,603.66 | M-O |
| Albert DiRoberto | $3,501,381.00 | C-I |

The Court further orders that defendants — other than defendant Hamid Reza Shalviri — shall be jointly and severally liable to the individual victims identified and in the amounts described in the Appendices as follows:

| Appendix | Jointly and Severally Liable |
|---|---|
| A | Andrea Raquel Ramirez; Yadira Garcia Padilla |
| B | Andrea Raquel Ramirez; Yadira Garcia Padilla |
| C | Andrea Raquel Ramirez; Christopher Paul George; Yadira Garcia Padilla; Mindy Sue Holt; Albert DiRoberto |
| D | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Mindy Sue Holt; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| E | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Mindy Sue Holt; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| F | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Mindy Sue Holt; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| G | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Mindy Sue Holt; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| H | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| I | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |

| Appendix | Jointly and Severally Liable |
|---|---|
| J | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| K | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| L | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| M | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| N | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| O | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |

As to defendant Hamid Reza Shalviri, the Court orders defendant to pay restitution in the total amount of $64,869.65 to the individuals and in the amounts specified by the United States Probation Office in defendant Shalviri's Presentence Report, disclosed July 13, 2015. Defendant Shalviri shall be jointly and severally liable as to those individuals with other defendants as follows:

| Victim | Jointly and Severally Liable with Defendant Shalviri |
|---|---|
| T.A. and K.A. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| L.B. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| B.C. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| E.C. and T.M.C. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |

| Victim | Jointly and Severally Liable with Defendant Shalviri |
|---|---|
| J.C. and A.C. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| J.C. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| C.D.L.C. and E.M. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| Ra.D. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| H.D. and T.D. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| Ri.D. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| D.E. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| G.F. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Mindy Sue Holt; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| R.G. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| F.G. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| S.S.L. and P.A. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Mindy Sue Holt; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| M.M. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| E.M. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |

| Victim | Jointly and Severally Liable with Defendant Shalviri |
|---|---|
| C.O. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| G.S. and J.S. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| J.T. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |
| J.W. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Catalina DeLeon; Yadira Garcia Padilla; Albert DiRoberto; Michael Lewis Parker |
| D.W. | Andrea Raquel Ramirez; Christopher Paul George; Michael Bruce Bates; Crystal Taiwana Buck; Iris Melissa Pelayo; Catalina DeLeon; Yadira Garcia Padilla; Michael Lewis Parker |

IT IS SO ORDERED.

January 15, 2016
DATE

THE HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

THOMAS D. STOUT
Assistant United States Attorney